IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 29, 2020 at Knoxville

## MARVIN CHRISTOPHER LONG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 2008-D-3274     Monte Watkins, Judge**

---

### No. M2019-02064-CCA-R3-PC

---

The petitioner, Marvin Christopher Long, appeals the denial of his petition for post-conviction relief, which petition challenged his convictions of possession with intent to deliver 300 grams or more of a substance containing cocaine in a drug-free school zone and conspiracy to commit the same, alleging that he was deprived of the effective assistance of trial counsel. Discerning no error, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Marvin Christopher Long.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case comes to us via a convoluted procedural history. In October 2008, the Davidson County Grand Jury charged the petitioner and two co-defendants with one count of possession with intent to deliver 300 grams or more of a substance containing cocaine in a drug-free school zone and one count of conspiracy to possess with intent to deliver 300 grams of a substance containing cocaine in a drug-free school zone. A jury convicted the petitioner as charged, and the trial court sentenced him as a career offender to an effective sentence of 60 years' incarceration. *State v. Marvin Christopher Long, Desmond Shelton Spann, and Dontillus Williams*, No. M2010-01491-CCA-R3-CD, slip

op. at 1 (Tenn. Crim. App., Nashville, Aug. 22, 2012). This court summarized the evidence on direct appeal:

> The evidence adduced at trial established that [the petitioner] was driving a vehicle, in which [d]efendants Williams and Spann were passengers, eastbound on I-40 toward Nashville when it was stopped by Agent Currie. [The petitioner] gave Agent Currie false identification. Agent Currie found digital scales with cocaine residue inside the vehicle. He also found approximately $4,000 in cash, bound by a rubber band, inside [d]efendant Spann's shoe. After being allowed to continue traveling, the defendants drove to Swett's Restaurant, where they parked in a private area behind the building that was 559 feet away from a school. Within minutes of their arrival, a man parked beside them and got inside the defendants' vehicle for only "seconds" before returning to his vehicle and driving away. All three defendants were inside the vehicle with the driver of the Dodge Charger. A reasonable inference can be drawn from the evidence that the driver of the Dodge Charger sold the cocaine to the defendants. The defendants went inside the restaurant again, returned to their vehicle with takeout food, and drove away. The defendants were driving westbound on I-40 toward Jackson when they were stopped by Officer Schmitz within 214 feet of an elementary school. A search of the defendants' vehicle yielded the digital scale with cocaine residue and rolling papers. A search of [d]efendant Williams revealed 334 grams of cocaine, and [d]efendant Spann no longer had the $4,000 cash.
>
> . . . . The evidence at trial shows that [the petitioner] had constructive possession of the cocaine recovered from [d]efendant Williams. [The petitioner] provided and drove the vehicle. He was present in the vehicle while the man from the green Dodge Charger was inside the vehicle. He provided law enforcement with a false identification and a false story about the defendants' reason for traveling to Nashville. He initially refused consent to search the vehicle, and agreed to allow officers to search only after [d]efendant Williams had exited the car with the bag containing the cocaine on [d]efendant Williams' person. It is reasonable to infer that [the petitioner]

-2-

> knew the drugs were inside the vehicle, assisted in acquiring them, and attempted to conceal them from officers. . . .
>
> There is also sufficient evidence to support the conclusion that the offense took place within 1,000 feet of a school. Mr. Kline testified that the parking lot behind Swett's Restaurant is 135 feet from McKissack Park and 595 feet from Pearl Cohn Comprehensive High School. He also testified that the location at which [the petitioner's] vehicle was stopped on I-40 is 775 feet from Gower Elementary School and 214 feet from Brookmeade Elementary School. Mr. Keel testified that all of these schools were in session on the date of the offense. . . .

*Id.*, slip op. at 14-15. On appeal, this court affirmed the petitioner's convictions and his classification as a career offender. *Id.*, slip op. at 12-17.

In May 2013, the petitioner filed a timely petition for post-conviction relief, arguing that he was deprived of the effective assistance of trial and appellate counsel. *Marvin Christopher Long v. State*, No. M2017-01758-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Nashville, Dec. 3, 2018). The post-conviction court denied post-conviction relief as to trial counsel but failed to address the petitioner's claim that appellate counsel had performed deficiently by failing to either move to withdraw or file a Rule 11 application. *Id.* On appeal, this court vacated the post-conviction court's order, remanded "for a determination of whether the [p]etitioner had been deprived of his right to file a Rule 11 application," and ordered the post-conviction court to grant the petitioner a delayed appeal and hold the post-conviction proceedings in abeyance pending the final disposition of the appeal if the court found that the petitioner's right to a Rule 11 application had been violated. *Id.* On remand, the post-conviction court found that appellate counsel had performed deficiently and granted the petitioner a delayed appeal but failed to hold the remaining claims in abeyance and, instead, denied the petitioner's claims against trial counsel. *Id.* This court denied the petitioner's late-filed notice of appeal of the post-conviction court's denial of his claims against trial counsel because the "post-conviction court had failed to follow this court's previous order," and this court again "vacated the post-conviction court's order denying post-conviction relief on all grounds except the [p]etitioner's entitlement to file a delayed Rule 11 application." *Id.* This court also instructed the post-conviction court, "in the event the [p]etitioner's delayed appeal was not granted," to appoint new post-conviction counsel and allow the petitioner to amend his petition to include any grounds arising from counsel's "handling of the delayed Rule 11 application." *Id.*, slip op. at 2-3.

The petitioner filed a Rule 11 application, and our supreme court denied review on June 23, 2016. *Id.*, slip op. at 3. The post-conviction court appointed new counsel in December 2016, and the petitioner filed a petition styled "Second Petition for Post-Conviction Relief," alleging the ineffective assistance of counsel in filing the Rule 11 application. *Id.* The post-conviction court dismissed the petition without a new evidentiary hearing, "holding that the [p]etitioner's previous post-conviction petitions were resolved on the merits" and that the petitioner failed to "establish any circumstances to reopen the petitions," and finding that the petitioner failed to allege a constitutional violation that could give rise to post-conviction relief. *Id.*

On appeal, this court found that the post-conviction court erred by classifying the petitioner's post-conviction petition as a second or subsequent petition because this court had vacated the post-conviction court's prior orders denying post-conviction relief, and, consequently, no order ruling on the merits of the petitioner's claim existed. *Id.*, slip op. at 3-4. This court concluded that the petitioner's post-conviction petition was, in effect, an amended petition in accordance with Tennessee Supreme Court Rule 29, section 9(D)(1)(b)(i). This court denied post-conviction relief as to the petitioner's claims against Rule 11 counsel but remanded, ordering the post-conviction court to address the merits of the petitioner's claims of ineffective assistance of trial counsel. *Id.*, slip op. at 4.

On remand, the post-conviction court issued an order on April 22, 2019, concluding that trial counsel performed deficiently but that the petitioner failed to establish that he was prejudiced by counsel's deficiencies. In its ruling, which is before us now on appeal, the post-conviction court relied on the evidence adduced at the October 13, 2014 evidentiary hearing.[1]

At that evidentiary hearing, the petitioner testified that trial counsel was appointed to represent him in November 2008, and, over the course of 19 months, trial counsel met with him only three times. The petitioner stated that he never saw trial counsel at any of his pre-trial proceedings. He filed a complaint with the Board of Professional Responsibility ("BPR") because trial counsel had not communicated with or visited him. The petitioner said that trial counsel did not provide him with discovery materials until the day of trial despite the petitioner's requesting the materials several times. The petitioner also asked that trial counsel file certain pre-trial motions, but counsel did not respond to him. The petitioner filed a second complaint with the BPR in December 2009.

---

[1] We took judicial notice of the archived records from the petitioner's previous appeals, including cases M2010-01491-CCA-R3-CD and M2017-01758-CCA-R3-PC. We also took judicial notice of the record in case M2014-02568-CCA-R3-PC; however, that case number appears to be erroneous. We take judicial notice now of the archived record in case M2014-02548-CCA-R3-PC to facilitate our review.

During cross-examination, the petitioner stated that trial counsel and the co-defendants' attorneys at trial did not appear to get along, but he acknowledged that each defendant was seeking suppression of the same evidence. He said that he was surprised at trial by Agent Justin Fox's testimony that the petitioner had stayed inside the restaurant for 10 to 15 minutes when the petitioner was actually inside for at least 35 to 40 minutes. Other than Agent Fox's testimony, no evidence arose at trial of which the petitioner was not already aware.

On redirect examination, the petitioner clarified that his first complaint to the BPR was in April 2009. He stated that he asked trial counsel to seek a severance of his trial from that of his co-defendants, but counsel never filed the motion. Trial counsel also failed to file a motion to suppress evidence. The petitioner stated that trial counsel did not properly investigate the case despite the petitioner's requesting him to do so. The petitioner said that he never saw trial counsel until the day of trial.

The BPR's October 27, 2010 petition for discipline against trial counsel and the supreme court's orders temporarily suspending trial counsel from the practice of law on September 8, 2008, and April 22, 2010, were exhibited to the hearing.

In its written order denying post-conviction relief, the post-conviction court found that "the petitioner had filed a complaint with the [BPR] which found ethical misconduct regarding competence, diligence and communication among other violations" in trial counsel's representation. The post-conviction court concluded that the petitioner established counsel's deficient performance but failed to establish that he was prejudiced by counsel's actions, stating that counsel's performance did not "rise to the level of a violation of a constitutional right to render his conviction and sentence void or voidable."

In this appeal, the petitioner renews his argument that he was deprived of the effective assistance of trial counsel and that he suffered prejudice in the outcome of his case. The State concedes that the record supports the post-conviction court's finding that trial counsel performed deficiently but contends that the petitioner failed to establish that he was prejudiced by counsel's performance.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79

(Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citation omitted), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

We agree with the post-conviction court that the petitioner established that trial counsel performed deficiently. The petitioner's testimony and the exhibited petition for discipline, which enumerated trial counsel's ethical violations, established that counsel failed to meet with or provide the petitioner with discovery materials until, at most, three days before trial. Counsel also failed to respond to the petitioner's attempts to communicate with him.

Although the post-conviction court's findings of fact are limited, the court found that the BPR found ethical violations in trial counsel's representation of the petitioner, and we agree with that court's conclusion that the petitioner has failed to

-6-

establish that he was prejudiced by trial counsel's deficient performance.  Trial counsel's deficient representation alone is not enough to warrant post-conviction relief.  The petitioner has not shown how he could have achieved a different outcome at trial if he had had adequate representation.  He has not shown that he could have succeeded on a motion to sever or a motion to suppress certain evidence, particularly in light of this court's affirming on direct appeal the denial of co-defendant Williams' suppression motion.  The petitioner has also failed to provide any evidence of what information trial counsel could have discovered with proper communication and investigation.  Other than the testimony of Agent Fox as to the petitioner's length of stay inside of the restaurant, the petitioner said that he was unsurprised by any evidence at trial, and, consequently, he has not shown how his being provided discovery materials in a timely manner would have benefited his defense.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE